**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAINOR J. MARROQUIN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3018 |
| | § | |
| SEBRING CAPITAL PARTNERS, LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiffs, Mainor J. Marroquin and Maria C. Marroquin, sued several defendants in this suit arising from a mortgage loan. The state-court petition, removed, alleged violations of the Texas Property Code and of the Texas Business and Commerce Code, wrongful foreclosure, and fraud. The plaintiffs sought to quiet title, a permanent injunction, and damages.

One of the defendants named was Cathy Cagle, Substitute Trustee. She filed her Original Verified Answer on September 24, 2013, before removal. (Docket Entry No. 3 at 46–54). She has moved to dismiss on the ground that she is immune from liability for damages under Texas law because she acted solely in her capacity as a substitute trustee. (Docket Entry No. 5). No response has been filed.

On October 28, 2013, Cagle moved to dismiss under the Texas Property Code, § 51.007(a) and (b). Section 51.007(a) states that a trustee named in a suit may plead in its answer that it "is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." TEX. PROP. CODE ANN. § 51.007(a). The other parties to the suit must then

file a verified response within thirty days rebutting the trustee's verified denial. *Id.* § 51.007(b).

If there is no timely verified response filed, the trustee "shall be dismissed from the suit or proceeding without prejudice." *Id.* § 51.007(c). In this case, Cagle filed her answer with a verified denial, asserting that she was named solely in her capacity as Substitute Trustee and was not a necessary party. The plaintiffs did not submit a verified response within thirty days to rebut the verified denial and did not respond to the motion to dismiss. The failure to submit any verified response justifies dismissal without prejudice under Texas law. *Id.*; *see also WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.,* 314 F. Supp. 2d 655, 657 (N.D. Tex. 2004) (dismissing defendant without prejudice based on failure to file a verified response to verified answer).

Cagle's motion to dismiss is granted. (Docket Entry No. 5). The claims against her are dismissed, without prejudice.

SIGNED on January 2, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

2