**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAINOR J. MARROQUIN and MARIA C. MARROQUIN, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-3018 |
| SPRING CAPITAL PARTNERS, LP, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, Mainor Marroquin and Maria Marroquin, defaulted on their mortgage loan and sued in state court to stop the lender from foreclosing. HSBC Mortgage Services (HSBC) and the Mortgage Electronic Registration Systems, Inc. (MERS) timely removed on the basis of diversity jurisdiction. Although other defendants are named, they are nominal defendants only, and their citizenship need not be considered in the diversity analysis. HSBC and MERS have moved for judgment on the pleadings. (Docket Entry No. 16). The plaintiffs responded (Docket Entry No. 17), and the defendants replied (Docket Entry No. 18). After reviewing the pleadings; the motion, response, reply, and related submissions; and the applicable law, the court grants the defendants' motion to dismiss and enters final judgment by separate order. The reasons are explained below.

**I.   Background**

The Marroquins purchased the residential property in January 2002. They took out a mortgage from Sebring Capital Partners, a Limited Partnership, executing a Promissory Note secured by a Deed of Trust. (Docket Entry No. 16, Ex. A). On July 25, 2002, Sebring assigned the Note and Deed of Trust to Principal Residential Mortgage, Inc. (*Id.*, Ex. B). The following day,

Principal Residential Mortgage assigned the Note and Deed of Trust to MERS. (*Id*., Ex. C). In April 2006, the Marroquins executed another Note and Deed of Trust, renewing, extending, and acknowledging the debt owed on the earlier instruments and the lien securing payment. (*Id*., Ex. E). MERS was the nominee for the lender and the beneficiary of the Deed of Trust, and had the power of sale. The April 2006 instruments also provided that the Note or a partial interest in it could be sold one or more times, without giving the borrower advance notice. (*Id.*). The April 2006 Note was indorsed in blank by Accredited Home Lenders, Inc., and HSBC has possession. In February 2012, MERS assigned its interest in the April 2006 Deed of Trust to HSBC. (*Id*., Ex. F).

The Marroquins failed to make required Note payments. Based on the default, HSBC accelerated the loan, informing the Marroquins and advising them of the outstanding Note balance and that HSBC could foreclose.

The Marroquins sued in state court seeking to avoid foreclosure. After removal, the defendants moved for judgment on the pleadings, and the Marroquins responded.

The complaint asserted the following causes of action and bases for relief:

1. declaratory judgment that the defendants lack standing to foreclose;
2. wrongful foreclosure violations of the Texas Property Code and of the Texas Business and Commerce Code;
4. suit to quiet title;
5. fraud in the inducement;
6. fraud in concealment; and
7. rescission of the loan documents.

The Marroquins do not dispute that they defaulted on the April 2006 Note. The gravamen of their complaint is that defects in the assignment of that Note or Deed of Trust stripped the defendants of the authority to foreclose on the property, violated Texas law, and amounted to fraud.

The defendants moved for judgment on the pleadings under Rule 12(c). The arguments in

the motion, response, and reply (Docket Entry Nos. 16, 17, 18) are analyzed below.

**II.     The Legal Standard for Motions to Dismiss and For Leave to Amend**

Rule 12(c) allows a party to "move for judgment on the pleadings." The same standards govern motions to dismiss under Rule 12(b)(6) and Rule 12(c). *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir.2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir.2004). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The

court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))). *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend

may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

**III.    Discussion**

   **A.    HSBC's Standing to Foreclose**

The Marroquins contend that HSBC lacks standing to foreclose on the property because of defects in the assignments of the Note or the Deed of Trust that made the assignments void. HSBC argues that the documents referred to in the complaint, including the Deed of Trust and Note, and the public records of the assignments and transfers, show that as a matter of law, the allegations fail to state a claim. (Docket Entry No. 16 at 5–6).

In *Reinagel v. Deustsche Bank National Trust Company*, 735 F.3d 220, 225 (5th Cir. 2013), the Fifth Circuit recently identified the situations in which a mortgagor has standing to challenge assignments of a promissory note or deed of trust. The court stated, "the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor. Texas courts follow the majority rule that the obligor may defend on any ground which renders the assignment void." *Id.* (internal quotations omitted; emphasis omitted).

5

The documents properly considered on this motion for judgment on the pleadings show that the chain of title between the original lender and the party seeking to foreclose is unbroken and without gaps. Copies of the Note and the Deed of Trust and the documents showing their assignment demonstrate this as a matter of law. These documents show that the Marroquins executed the Note and Deed of Trust on July 11, 2002, naming Sebring Capital Partners as the holder and beneficiary; Sebring assigned the Note and Deed of Trust to Principal Residential Mortgage, Inc. on July 25, 2002; Principal Residential Mortgage assigned the Note and Deed of Trust to MERS on July 26, 2002; and on April 21, 2006, the Marroquins signed a renewal and extension. This Note was indorsed in blank by Accredited Home Lenders, and HSBC possesses the Note. MERS assigned its beneficial interest in the Deed of Trust to HSBC on February 9, 2012. The assignments and transfers are matters of public record or set out in the Marroquins' complaint and attached to the motion for judgment on the pleadings. There are no gaps in the chain of title. This distinguishes the present case from *Miller v. Homecomings Financial LLC*, 881 F. Supp. 2d 825 (S.D. Tex. 2012), in which the court permitted the plaintiffs to challenge assignments as void because of gaps between the original lender and the party claiming the right to foreclose. *See id.* at 830–31 ("When a party seeking to foreclose fails to show an unbroken chain of title, then the homeowner may be entitled to an injunction against the threatened foreclosure."). *Miller* is not on point.

The uncontroverted documents in the record establish that MERS had the authority to assign the Note and Deed of Trust and that the defendants had the right to foreclose on default. The Deed of Trust states in the section titled "Transfer of Rights in the Property" that "[t]he beneficiary under this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and

assigns) and the successors and assigns of MERS." (Docket Entry No. 16, Ex. E at 2). The Deed of Trust later states that MERS holds "legal title to the interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right[] to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (*Id.* at 3). The language demonstrates MERS's authority under the Deed of Trust to assign its interests to another party, in this case to HSBC. The case law firmly recognizes and establishes MERS's authority to assign. In rejecting similar arguments, the Fifth Circuit has repeatedly held that "'Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable.'" *Singha v. BAC Home Loans Servicing, L.P.*, No. 13–40061, 2014 WL 1492301, at *2 (5th Cir. Apr. 17, 2014) (per curiam) (unpublished) (quoting *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013)). In *Singha*, the Fifth Circuit affirmed the district court's dismissal of a similar case involving a similar note and deed of trust, stating: "MERS was an original beneficiary of the deed of trust. MERS, then, had the right to and did assign its interest in that instrument. . . ." *Id.* at *3.

The allegations that the defendants failed to comply with securitization requirements set out in a Pooling and Serving Agreement and defeating assignment or transfer of the Note and Deed of Trust also fail to state a claim, as a matter of law. The record shows that the instruments were not "securitized," as the Marroquins contend. The Fifth Circuit has also held, in a very similar case, that plaintiffs like the Marroquins lack standing to challenge facially valid assignments. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) ("[U]nder Texas law, facially valid assignments cannot be challenged by want of authority except by the defrauded assignor."); *Golden v. Wells Fargo Bank, N.A.*, No. 13–50158, 2014 WL 644549, at *2 (5th Cir. Feb. 20, 2014)

(per curiam) (unpublished) (same); *see also Fulcrum Enters., LLC v. Bank of Am., N.A.*, No. 13-cv-1930, 2014 WL 1669098, at *3 (S.D. Tex. Apr. 25, 2014); *Lopez v. Sovereign Bank, N.A.*, No. 13-cv-1429, 2014 WL 1315834, at *7 (S.D. Tex. Mar. 31, 2014); *Van Duzer v. U.S. Bank Nat. Ass'n*, No. 13-cv-1398, 2014 WL 357878, at *8 (S.D. Tex. Jan. 31, 2014); *Felder v. Countrywide Home Loans*, No. 13-cv-0282, 2013 WL 6805843, at *18 (S.D. Tex. Dec. 20, 2013); *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*, No. 13-cv-0734, 2013 WL 5781240, at *13 (S.D. Tex. Oct. 25, 2013). The Marroquins do not have standing to make the claim they assert as their basis to challenge the defendants' authority to foreclose.

HSBC, as the possessor of the Note and the beneficiary of the validly assigned Deed of Trust, has the legal authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d at 254 ("Texas . . . differentiates between enforcement of a note and foreclosure—the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision."). In *Martins*, the court also clarified that a mortgagee need not own or hold the promissory note to have legal authority to foreclose on a deed of trust, and that there is no obligation to produce an original of the signed note to establish authority to foreclose. *Id*. And the indorsement in blank of the Note that HSBC possesses suffices to defeat a claim that § 3.210 of the Texas Business and Commerce Code has been violated. *See* Tex. Bus. & Comm. Code § 3.210.

The claims based on HSBC's lack of standing are dismissed with prejudice, without leave to amend because amendment would be futile.

### B.    The Claim that the Foreclosure Was Wrongful

The amended complaint lists "wrongful foreclosure" in violation of § 3.201 of the Texas Business and Commerce Code and § 51.903 of the Texas Government Code. To the extent that the

8

Marroquins are arguing that HSBC or other defendants have failed to prove a valid interest in the Note and Deed of Trust and therefore had no right to foreclose because of the absence of valid assignments, the securitization of the chain of title, or the failure to prove holder status, these arguments are foreclosed as a matter of law. The court has concluded that the assignment of the Deed of Trust to HSBC, and its status as the Note holder, gave it the power to foreclose. The allegations that the foreclosure was wrongful for lack of authority and therefore in violation of the Texas Government Code or the Texas Business and Commerce Code fail, as a matter of law.

To the extent that the Marroquins are alleging and arguing common-law wrongful foreclosure, that claim fails because no foreclosure sale has occurred. "Under Texas common law, a borrower may recover for wrongful foreclosure when inconsistencies or irregularities in the foreclosure process cause the borrower to suffer a loss." *Buchanan v. U.S. Bank N.A.*, No. 13-cv-3525, 2013 WL 6890003, at *2 (S.D. Tex. Dec.31, 2013) (citing *Wieler v. United Sav. Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994, writ denied)). "A borrower may recover damages for wrongful foreclosure only if the lender: (1) fails to comply with statutory or contractual terms in the foreclosure; or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Id.* (citing *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01-07-433-CV, 2009 WL 1161860, at *6 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App.—Austin 1993, no writ.)). The elements of a claim for wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. The complaint does not include factual

allegations of these elements and they do not argue in their response to the motion for judgment on the pleadings that any such defects are present.

The Marroquins have failed to state a claim for statutory or common-law wrongful foreclosure. The wrongful foreclosure claim is dismissed with prejudice because further amendment would be futile.

### C. The Quiet-Title Claim

The claims that the Marroquins have superior title to the property despite the fact that they have defaulted on the Note and failed to make payments to cure the default and bring the Note current fail as a matter of law. Under Texas law, "[a] suit to clear or quiet title—also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This equitable action "exists to 'enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)). The elements of a quiet-title claim are: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans*

*Servicing, L.P.*, No. 10-cv-350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (omission in the original) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also James v. Wells Fargo Bank, N.A.*, No. 14-cv-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright*, 26 S.W.3d at 578. There is no dispute as to the default. There is no allegation in the complaint and no suggestion in the response in opposition to the motion for judgment on the pleadings that the Marroquins have, or are willing and able, to tender payment of the amount due on the loan as necessary to assert a claim for "recovery of title." *Cook-Bell*, 868 F. Supp. 2d at 591. As a matter of law, the Marroquins do "not assert a superior title, and allege[] no facts to support a superior claim." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 11-cv-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012). As noted above, the copies of the assignments of the Note and Deed of Trust in the record establish an unbroken chain of title to the property from the original lender to the party seeking to foreclose, and demonstrate the superiority of HSBC's title to the property.

The Marroquins have failed to state a claim to quiet title. This claim is dismissed, with prejudice, because future amendment would be futile.

### D.    The Fraud Claims

The elements of a fraud claim under Texas law are: "(1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Massey v. EMC Mortgage Corp.*, 546 F. App'x 447, 481 (5th Cir. 2013) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.@.3d 768, 774 (Tex. 2009)). The claims — framed as both fraud in the inducement and fraud in the concealment claims — are barred by the failure to plead a viable claim for the deficiencies that the defendants allegedly fraudulently presented or concealed.

The basis of the fraud claims is that the defendants lacked authority to foreclose and that the loan was securitized; they made misrepresentations that they had the authority to foreclose; and they concealed their lack of authority, the fact that the loan was securitized, and the fact that the Note was split from the Deed of Trust. (Docket Entry No. 2, Complaint at ¶¶ 44–59). The court has found that the Marroquins have no viable claim under the binding applicable law for their claim that HSBC lacks standing to foreclose. The Fifth Circuit case law has also clearly rejected both "show-me-the-note" and "split-the-note" theories of liability virtually identical to the Marroquins' claims. *See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d at 253–54; *see also Reinagel*, 735 F.3d at 228 n.30 (noting that most courts have rejected the "show-me-the-note" defense); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. 2013) (rejecting "splitting the note" as a theory of liability). And the documents referred to in the complaint and attached to the motion for judgment on the pleadings clearly show that the Note was not securitized; that the Marroquins lack standing to challenge the assignments and transfers; and that MERS assigned the Deed of Trust, as renewed

and extended, to HSBC and that HSBC is the Note holder. The basis for the fraud claims fail, making the fraud claims themselves fatally deficient.

The fraud claims are dismissed, with prejudice and without leave to amend because amendment would be futile. This result moots any need to address the Rule 9(b) and the limitations arguments the defendants raised.

### E. The Declaratory Judgment Claims

The complaint also seeks a declaratory judgment as to the defendants' lack of authority to foreclose, common-law wrongful foreclosure, violations of the Texas Business and Commerce Code and the Government Code, and that the Marroquins have superior title to and are entitled to exclusive possession of the property. These claims depend on claims that have been dismissed. The declaratory relief claims must be dismissed as well. *Davis*, No. H-13-623, — F. Supp. 2d —, 2014 WL 838146, at *6 (citing *Val–Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (per curiam) (explaining that "[o]nce the district court had dismissed the underlying [substantive] claims, there were no claims for which [it] could grant declaratory relief") (alterations in the original).

## IV. Conclusion

The defendants' motion for judgment on the pleadings, (Docket Entry No. 16), is granted. The Marroquins' claims are dismissed, with prejudice. Final judgment is separately entered.

SIGNED on September 19, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge